UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alton Rodgers, # 334435, | ) C/A No. 8:13-623-RMG-JDA |
|                           Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Edsel Taylor, *Warden of MacDougall Correctional Institution*, | ) |
|                           Respondent. | ) |

## Background of this Case

Petitioner is an inmate at the MacDougall Correctional Institution of the South Carolina Department of Corrections. On November 1, 2013, in the Court of General Sessions for Charleston County, Petitioner was convicted, pursuant to a jury's verdict, of petit larceny and was sentenced to seven years in prison. Petitioner indicates that he had originally been charged with armed robbery and had been held at the Charleston County Detention Center because he could not afford to post money to obtain a bond [Doc. 1 at 2–4]. Petitioner indicates that his direct appeal is pending.

Petitioner raises three grounds in the Petition: *(1)* Petitioner was arrested unlawfully for armed robbery and held in custody for 1,055 days, when the prosecution and State knew that the actual crime was shoplifting [*Id*. at 6]; *(2)* conviction was obtained unlawfully since Petitioner was sentenced on the larceny offense under an armed robbery indictment and "CDR" code [*Id*. at 8]; and *(3)* Petitioner was falsely arrested for armed robbery and

subjected to false imprisonment [*Id*. at 9]. In his prayer for relief, Petitioner seeks immediate release from custody on a personal recognizance bond or to have his conviction vacated [*Id*. at 22].

Petitioner has appended various attachments to the Petition. Those exhibits include a letter dated January 9, 2014, from the Clerk of the Supreme Court of South Carolina to Petitioner with respect to his pending direct appeal [Doc. 1-1 at 1–3]. The letter indicates that Petitioner appellate counsel had filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), that Petitioner could file a *pro se* brief within forty-five days, and that the appeal would be submitted to the Court for consideration after the expiration of the forty-five days [*Id*.]. The exhibits also include an affidavit from the officer investigating the theft of a Craig MP3 player and a utility knife from the Rite Aid Pharmacy [*Id*. at 3]; a copy of a motion for bond reduction filed on August 28, 2013, by Petitioner's trial counsel, Jason T. King [*Id*. at 4]; an Order filed on February 8, 2013, by a Circuit Judge indicating that Petitioner "shall be tried" by July 31, 2013, and that, if Petitioner had not been tried by that date, he could request a bond reduction [*Id*. at 5]; a letter to Petitioner dated September 9, 2013, from Meg Haley, an Assistant Solicitor for the Ninth Judicial Circuit, informing Petitioner that his case was set for trial on September 30, 2013 [*Id*. at 6]; a witness statement from the manager of the Rite Aid Pharmacy [*Id*. at 7–8]; the arrest warrant for Petitioner issued on November 12, 2010 [*Id*. at 9]; the true bill of the Grand Jury in Case No. 2001-GS-10-00767 [*Id*. at 10]; the jury verdict form finding Petitioner not guilty of armed robbery, not guilty of robbery, and guilty of larceny [*Id*. at 11–12]; and Petitioner's cover letter [Doc. 1-2].

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal because Petitioner has not exhausted his state court remedies. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

With respect to his conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which can be sought only after Petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973); and *Picard v. Connor*, 404 U.S. 270 (1971) (exhaustion required under § 2241).

In any event, it is clear that Petitioner has not exhausted his state court remedies because Petitioner's direct appeal (Appellate Case No. 2013-002180) is pending. A direct appeal is the first step taken by a recently-convicted South Carolina prisoner to exhaust his or her state court remedies. *See State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873, 877–82 (2007). If his direct appeal is unsuccessful, Petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq.* (Westlaw 2014); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519–20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel). Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535, 537–38 (1985).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349–52 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170–73 (4th Cir. 1977).

Petitioner indicates that he has filed a petition for writ of mandamus with the Supreme Court of South Carolina. Under *Durkin v. Davis*, 538 F.2d 1037, 1041–42 (4th Cir. 1976), a petition filed in the original jurisdiction of a State's highest court does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b).

Petitioner has yet to exhaust at least three viable state court remedies — his pending direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case. This Court should not keep this case on its docket while Petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

**RECOMMENDATION**

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return. *See* Rule 4, Rules

Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate of Appealability.

**Petitioner's attention is directed to the Notice on the next page.**

                                            s/ Jacquelyn D. Austin
                                            United States Magistrate Judge

March 6, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).