IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alton Rodgers, #334435 ) | No: 8:14-cv-623-RMG |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Edsel Taylor, Warden of MacDougall Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, (Dkt. No. 9), recommending this Court dismiss the Petition for habeas relief without prejudice and without requiring Respondent to file an answer or return. For the reasons set forth below, the Court agrees with and adopts the R&R as an Order of the Court.

## I. Background

Petitioner, Alton Rodgers, is an inmate at the MacDougall Correctional Institution of the South Carolina Department of Corrections. Petitioner was convicted of larceny[1] and sentenced to seven years in prison. (Dkt. No. 1 at 1; Dkt. No. 1-1 at 12). Petitioner raises three grounds for habeas relief: (1) Petitioner was arrested unlawfully for armed robbery and held in custody for 1,055 days; (2) Petitioner's conviction was unlawfully obtained because he was sentenced on a larceny offense under an armed robbery indictment and "CDR" code; and (3) Petitioner was falsely arrested for armed robbery and subjected to false imprisonment. (Dkt. No. 1 at 6–9). Petitioner requests immediate release from custody on a personal recognizance bond or to have his conviction vacated. (Dkt. No. 1 at 22).

---

[1] Petitioner was found not guilty on charges of robbery and armed robbery at the same trial. (Dkt. No. 1-1 at 11–12).

1

Petitioner has also filed a direct appeal in state court, and this appeal is currently pending. (Dkt. No. 1 at 20; Dkt. No. 1-1 at 1-2). Because Petitioner's direct appeal is still pending and because Petitioner has not filed an application for post-conviction relief, the Magistrate Judge recommended dismissing this action without prejudice for failure to exhaust state court remedies. (Dkt. No. 9). Petitioner has not filed an objection to the R&R.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

In reviewing these pleadings, the Court is mindful of Petitioner's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a respondent's clear failure to allege facts that set forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

2

## III. Discussion

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss Petition without prejudice. Until a state court has been accorded a fair opportunity "to consider the issue and afford a remedy..., federal courts in habeas proceedings by state prisoners should stay their hand." *Durkin v. Davis*, 538 F.2d 1037, 1041–42 (4th Cir. 1976) (citing *Gilstrap v. Godwin*, 517 F.2d 52, 53 (4th Cir. 1975)). Additionally, when state-court remedies have not been exhausted, provided no special circumstances, a court may not retain a federal habeas case on its docket. *Galloway v. Stephenson*, 510 F. Supp. 840, 845 (M.D.N.C. 1981). Here, Because Petitioner's direct appeal of his case is currently pending, he has not exhausted his state court remedies and the Petition must be dismissed without prejudice.

## IV. Conclusion

The Court **ADOPTS** the R&R (Dkt. No. 9) as an Order of this Court. Accordingly, the Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file an answer or return.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 31, 2014
Charleston, South Carolina